# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:18-CV-617-DCK

| | |
|---|---|
| ROBERT L. MCKINSTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant City Of Charlotte's Motion To Compel And For Sanctions" (Document No. 18) filed April 22, 2020. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

By the instant motion, Defendant seeks to compel *pro se* Plaintiff to continue his deposition and answer questions he refused to initially answer. (Document No. 18). Defendant also seeks its reasonable costs and attorney's fees incurred as a result of Plaintiff's failure to cooperate. Id. To date, *pro se* Plaintiff has failed to file a response. However, the undersigned notes that before Defendant filed the instant motion, the Court had ordered that Plaintiff be provided a "Notice Of Availability Of Pro Se Settlement Assistance Program." (Document No. 15). Plaintiff subsequently filed confirmation that he "opts in" to the Pro Se Settlement Assistance Program ("PSAP") on March 31, 2020. (Document No. 16). The Clerk's Office is attempting to identify counsel to assist Plaintiff with the PSAP.

Based on the foregoing, the undersigned will respectfully deny Defendant's motion without prejudice to re-file if the parties are unable to resolve their discovery dispute and/or this settle lawsuit at a PSAP mediation. Plaintiff is advised that Defendant's arguments in the instant motion are compelling, and that if this lawsuit continues, Plaintiff will be expected to cooperate in the discovery process. See (Document Nos. 18 and 18-1).

Plaintiff's past and/or continued failure to fully participate in discovery, including answering questions at a deposition, will likely lead to sanctions that could include Defendant's reasonable expenses and attorney's fees, and might even include dismissal of this lawsuit. See Fed.R.Civ.P. 30(c) and (d); see also Fed.R.Civ.P. 37.

**IT IS, THEREFORE, ORDERED** that "Defendant City Of Charlotte's Motion To Compel And For Sanctions (Document No. 18) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Court-enforceable discovery is **STAYED** pending mediation.

The Clerk of Court is directed to send a copy of this Order to pro se Plaintiff by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: May 18, 2020

David C. Keesler
United States Magistrate Judge